UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. |
| | : | |
| $37,800.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT:  CLIFTON HENRY] | : | September 9, 2016 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, Deirdre M. Daly, United States Attorney for the District of Connecticut, and Douglas P. Morabito, Assistant United States Attorney, and respectfully states that:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.  Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendant is $37,800.00 in United States Currency ("Defendant Currency").

4. The Defendant Currency is located within the jurisdiction of this Court.

5. On June 13, 2016, Clifton Henry submitted an administrative claim of ownership to the Defendant Currency.

**Background of Investigation**

6.     On May 4, 2016, Clifton Henry ("Henry") arrived at Bradley International Airport in Windsor Locks, Connecticut to board a flight to Los Angeles, California, with a connecting flight through Minneapolis, Minnesota.  As Henry was passing through a security checkpoint at Bradley, airport security discovered a large amount of United States Currency in Henry's carry-on luggage.  Law enforcement stationed at the airport were notified of this finding and proceeded to conduct a consensual interview of Henry in a public area of the airport terminal.

7.     Henry told law enforcement that the money he was carrying represents the proceeds of a utility trailer he sold in Florida in 2013.  Henry said he does not use banks and had kept the currency in his residence in Bloomfield, Connecticut since the sale of the trailer.  Henry told law enforcement that he is the owner of "C. Henry Trucking" and that he was traveling to purchase a tractor trailer at an auction hosted by "CAR/Stereo Repair" at 707 Santa Rosa Avenue in Santa Rosa, California.  Law enforcement could not find any information for a business named "CAR/Stereo Repair."  However, law enforcement found a business named "707 Car Stereo" at this same address.  The store appears to be a small shop that specializes in car stereo sales and repairs.

8.     Henry told law enforcement that he planned to meet his "close personal friend" named Hulo when he arrived in California.  Henry could not provide any additional information for Hulo such as his real name, telephone number, or address.  Henry said he bought a one-way ticket to California and told law enforcement that he had no set date of return to Connecticut.

9. When asked about his criminal history, especially offenses involving large amounts of currency or narcotics, Henry told law enforcement he had never been arrested or had any trouble with law enforcement. At this time, law enforcement suspended their interview and conducted a criminal history search on Henry. The search revealed that Henry had actually been arrested on four occasions.

10. Henry was arrested on June 25, 2007 for being in possession of $1,700 in counterfeit currency at Foxwoods Casino in Connecticut. He was arrested on June 26, 2007 for being in possession of $14,000 in counterfeit currency. Henry was arrested on October 1, 2007 by the United States Secret Service for making a false statement to a federal law enforcement officer. At the time of his arrest for the June 25, 2007 and June 26, 2007 offenses, Henry told law enforcement that the approximately $240,000 in cash (genuine and counterfeit) that was seized from him was the proceeds of the sale of business assets as well as gambling proceeds. As the vast majority of the cash did not come from any of these sources, Henry pled guilty on October 1, 2007 to one count of making a false statement. He was sentenced to two years' probation and was ordered to forfeit $228,027 to the federal government.

11. Law enforcement also discovered that Henry had been arrested by the United States Customs and Border Protection on August 13, 2009 for attempting to smuggle 1,516 pounds of marijuana hidden in a tractor trailer he was driving. Henry was stopped by law enforcement at a Border Patrol checkpoint near Sarita, Texas. After being stopped, Henry told law enforcement that he was hauling a shipment of mangos that he had picked up in Alamo, Texas and was delivering the mangos to "somewhere in Illinois" but was unable to tell law enforcement exactly where he was going. Based on Henry's elusive responses, law enforcement

inspected the trailer and found 95 bundles of marijuana totaling 1,516 pounds.  The marijuana was hidden under several pallets of mangos stored in boxes.

12.   When confronted with this information by law enforcement, Henry said the marijuana arrest "was all a misunderstanding" and that someone had stolen his identity which led to his arrest.  However, law enforcement had photographed Henry at the time of his 2009 marijuana arrest and the picture which law enforcement was able to access at the airport clearly identified Henry as the subject of the arrest.

13.  Law enforcement next searched Henry's carry-on luggage and discovered an 8 inch by 11.5 inch postal envelope as well as four additional envelopes with bank logos all with currency inside totaling $37,800.  Law enforcement noticed that envelopes were all filled to capacity and seemingly about to tear open because they were packed so tight with currency.  The money consisted of various denominations, ranging from $10 to $100 and in no particular order.  Law enforcement knows from training and experience that narcotics traffickers often assemble currency in this manner to attempt to make the currency appear legitimate.

14.   Law enforcement placed the envelopes on a table at the checkpoint area in order to conduct a canine sniff of the currency by law enforcement's assigned narcotics detection canine.  The canine roamed free in the area before jumping on the table, sniffing the exterior of the envelopes and positively alerting to the presence of narcotics.  Law enforcement repeated this exercise with the canine two additional times and each time the canine came back to the table and alerted for the presence of narcotics in the envelopes.

15. A check with the State of Connecticut Department of Labor revealed that Clifton Henry has no reported income or the last 12 months.

16. Based on the above information, it is believed that $37,800.00 in United States Currency constitutes proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. Section 881(a)(6).

17. The Defendant Currency represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for $37,800 in United States Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

  /s/ John B. Hughes
JOHN B. HUGHES
CHIEF, CIVIL DIVISION
ASSISTANT U. S. ATTORNEY

*/s/ Douglas P. Morabito*
DOUGLAS P. MORABITO
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct20962
Douglas.Morabito@usdoj.gov

## DECLARATION

I am a Task Force Officer for the United States Customs and Border Protection, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of September, 2016.


    */s/ Michael Kudish*
MICHAEL KUDISH
TASK FORCE OFFICER
U.S. CUSTOMS AND BORDER PROTECTION